Jenne S. Forbes, SB#010616
Amanda V. Damianakos, SB#023035

LAW OFFICES
WATERFALL, ECONOMIDIS,
CALDWELL
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ  85711
(520) 745-7808
(520) 745-1279
sforbes@wechv.com
adamianakos@wechv.com
Attorneys for Plaintiff Aguilar

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, DEPARTMENT OF LAW, CIVIL RIGHTS DIVISION, and ANGELA AGUILAR,<br><br>Plaintiffs,<br><br>vs.<br><br>ASARCO, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: CV 08-441 TUC-MWB<br><br>**PLAINTIFF AGUILAR'S MOTION IN LIMINE TO EXCLUDE:**<br>1. **EVIDENCE OF PRIOR EMPLOYMENT INCLUDING JOB PERFORMANCE**<br>2. **ARIZONA DES DETERMINATION**<br>3. **REFERENCE TO DISMISSED CLAIM** |

Intervenor-Plaintiff Angela Aguilar, by and through her undersigned counsel, hereby moves to exclude evidence and testimony on certain topics at the trial of this matter, to wit:

1. Plaintiff Aguilar's pre-ASARCO employment, including her job performance;
2. The Determination of the Arizona Department of Economic Security ("DES"), dated December 21, 2006, identified as part of Exhibit 96, ASARCO00120 in the Joint Proposed Pretrial Order  (Dkt. 261); and

3. Any reference to Aguilar's claim of intentional infliction of emotional distress, which was dismissed.

This Motion is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, and matters of record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Introduction.**

Based upon portions of the Joint Proposed Pretrial Order entered on July 30, 2010 (Dkt. 261), it appears Defendant intends to introduce certain items of evidence, whether testimony or documents, which Plaintiff Aguilar believes are not admissible at trial.  As to each of these matters, Aguilar provides some factual background and then the reason or reasons why the Court should exclude the evidence.

**II.   Plaintiff's Prior Job History and Performance Is Not Relevant to Any of The Issues in this Litigation, and as to the Performance Evidence Especially, It Is Improper Character Evidence and Replete with Hearsay Upon Hearsay.**

Fed. R. Evid. 402 provides, in pertinent part, that "evidence which is not relevant is not admissible." Under Fed. R. Evid. 403, even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Defendant ASARCO's Exhibit 129 in the Joint Proposed Pretrial Order (Dkt. 261) is comprised of a portion of Aguilar's employment records from 2004, when Aguilar was working at Fleet Boston. (See Exhibit 1, ASARCO 1992-2000, 2051-2058.)  Aguilar's Fleet Boston employment ended in 2004, and Aguilar subsequently became employed by Defendant ASARCO in late 2005. The excerpts which have been selected by Defendant are designed to portray Aguilar as someone who was having performance issues at work and

perhaps personality conflicts with co-employees.[1] (Defendant has conveniently omitted Fleet Boston records which show a three-year history of satisfactory performance before any issues arose.)  These records are simply not relevant to Aguilar's claims for sex discrimination and harassment, and retaliation, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII) or the Arizona Civil Rights Act, A.R.S §§41-1461 *et seq.* ("ACRA"). Nor are they relevant to her claims for compensatory damages or equitable relief.

The only reasons Defendant seeks to have this, and similar, evidence introduced is to  support it's expert's opinion concerning Aguilar's purported "personality trait" and to argue that Aguilar acted "in conformity" with her conduct at Fleet Boston when she had alleged "personality" issues with ASARCO employees Wayne Johnson, Julio Esquivel and others.  Under  Fed. R. Evid. 404(a), "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving that [the person] acted in conformity therewith on a particular occasion," except in certain circumstances not applicable here. In addition, evidence of prior acts cannot be introduced to prove the character of a person in order to show that she acted in conformity therewith. Fed.R.Evid. 404(b).  These principles apply here.

In *Neuren v. Adduci, Mastriani, Meeks & Schill*, the trial court had admitted evidence from an earlier employment to show conduct in conformity at the subject employer, and the court of appeals pointed out this use was specifically *prohibited* by Rule 404.  43 F.3d 1507, 1511 (D.C. Cir. 1995).  Similarly, evidence of prior employment is inadmissible under Fed. R. Evid. 403 to show a propensity for deficient performance.  *See e.g., Zubulake v. UBS Warburg LLC,* 382 F. Supp. 2d 536, 543 (S.D.N.Y. 2005). It is also inadmissible under Rule 404(a) to show work performance with other employers before

---

[1] This is some of the material Defendant's expert Dr. Pitt relied upon in reaching an opinion about Aguilar. Aguilar has moved to exclude Dr. Pitt's testimony by motion also filed today.

3

and after the subject employment. *See EEOC v. Serramonte,* 237 F.R.D.220, 234 (N.D. Cal. 2006).

The other problem with the Fleet Boston material is the hearsay nature of much of the material. The document is clearly offered for the truth of the matters stated and so falls within Fed. R. Evid. 801(c). As hearsay, it is inadmissible under Fed. R. Evid. 802 unless some exception applies. With regard to much of the specific material proposed as Trial Exhibit 129, we do not know who the author is, and, indeed, it appears from the material that there may have been multiple authors. It is also replete with hearsay upon hearsay, with the writer or writers referring to statements made by persons other than Aguilar. The exhibit should be excluded on this basis also.

### III.    By Arizona Statute, The Determination of The Department of Economic Security is Inadmissible.

A.R.S. §23-672.01 provides:

> Any finding of fact or law, judgment, conclusion or final order made by a hearing officer, an administrative law judge or any person with the authority to make findings of fact or law in any action or proceeding before the department or the appeals board pursuant to this chapter is not conclusive or binding in any separate or subsequent action or proceeding and shall not be used as evidence in any separate or subsequent action or proceeding between an individual and the individual's present or former employer brought before an arbitrator, court or judge of this state or the United States, regardless of whether the prior action or proceeding was between the same or related parties or involved the same facts.

Defendant has identified as part of Exhibit 96 in the Joint Proposed Pretrial Order a Determination of Deputy. (See Exhibit 2, ASARCO00120.) That Determination is inadmissible under the statute.

### IV.    Defendant Should be Prohibited From Referring to the Dismissed Claim for Intentional Infliction of Emotional Distress.

It is unknown at present whether Defendant has any intention of referring in any way during trial to the fact that Aguilar has dismissed her claim for intentional infliction of emotional distress, but in an abundance of caution Aguilar requests that

4

the Court prohibit any mention of the dismissed claim. Whether or not any claims or defenses have been dismissed or dropped by any party is not relevant to any of the remaining issues in the case. Reference to a claim that was dismissed may, however, confuse the jury and unduly prejudice Aguilar because the jury may believe it was dropped because there was some weakness or deficiency in Aguilar's case. The information should be excluded from trial under Fed R. Evid. 403.

**V.     Conclusion.**

Plaintiff Angela Aguilar respectfully requests that the Court exclude from the trial (1) any records or evidence of Aguilar's prior employment, and in particular the Fleet Boston records identified as a defense exhibit, (2) the Determination of Deputy of the Arizona Department of Economic Security, and (3) any reference to Aguilar's dismissed claim for intentional infliction of emotional distress.

RESPECTFULLY SUBMITTED this 18th day of February, 2011.

>                    WATERFALL ECONOMIDIS CALDWELL
>                    HANSHAW & VILLAMANA, P.C.
>
>
>                    By  s Jenne S. Forbes
>                         Jenne S. Forbes
>                         Attorneys for Plaintiff

I hereby certify that on February 18, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>                    Ann Hobart
>                    Assistant Attorney General
>                    Civil Rights Division
>                    1275 W. Washington Street
>                    Phoenix, AZ 85007
>                    Attorneys for Plaintiff State of Arizona
>
>                    David T. Barton
>                    Eric B. Johnson
>                    Quarles & Brady, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
Attorneys for Defendant


    s/ Jenne S. Forbes